Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KIMBERLY SIAS, | : | |
| | : | JURY TRIAL DEMANDED |
| Plaintiff | : | |
| | : | CA NO. 1:10-cv-03773 |
| vs. | : | |
| | : | |
| LAW OFFICES OF ANDREU, PALMA, & | : | |
| ANDREU, PL, | : | |
| | : | |
| Defendant | : | |

## BRIEF OF PLAINTIFF, KIMBERLY SIAS, IN OPPOSITION TO DEFENDANT, LAW OFFICES OF ANDREU, PALMA, & ANDREU PL'S, MOTION TO DISMISS OR IN THE ALTERNATIVE TRANSFER VENUE

Amy L. Bennecoff
Kimmel & Silverman, P.C
1930 E. Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Phone: (856)429-8334
Facsimile (856) 216-7344
Email: abennecoff@creditlaw.com

# TABLE OF CONTENTS

I.      Preliminary Statement..................................................................................1

II.     Factual/Procedural History ........................................................................2

III.    Standard on Motion to Dismiss..................................................................3

IV.     Argument ....................................................................................................4

        A.      There is personal jurisdiction over Defendant, Law Offices
                of Andreu, Palma & Andreu PL, in the United States
                District Court for the District of New Jersey ................................4

                a.   Personal Jurisdiction Framework...................................4

                        i.   General Jurisdiction ......................................7

                        ii.  Specific Jurisdiction....................................11

                b.   The alleged tortuous acts occurred in New Jersey;
                     relevant FDCPA case law provides that a consumer's
                     home state may exercise in personal jurisdiction
                     over out-of-state debt collectors...............................15

                c.   Plaintiff, Kimberly Sias, should be entitled to
                     conduct jurisdictional discovery. ..............................16

        B.      Personal jurisdiction exists over Defendant, Law
                Offices of Andreu, Palma & Andreu PL, therefore venue
                is appropriate in the United States District Court for
                the District of New Jersey pursuant to 28 U.S.C. §1391. ..............17

        C.      This action should not be transferred to the United States
                District Court for the Southern District of Florida pursuant
                to 28 U.S.C. §1404(a). ..................................................................18

                a.   28 U.S.C. §1404(a) does not require transfer. .........................18

                        i.   Private Interest Factors  ..............................19

                        ii.  Public Interest Factors ................................20

                b.   28 U.S.C. §1404(a) does not require dismissal of
                     this action when transfer is appropriate. ..................22

V.      Conclusion ................................................................................................24

i

**TABLE OF AUTHORITIES**

**Cases**

Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102 (1987).........6,7,12

Bane v. Netlink, Inc., 925 F.2d 637 (3d Cir. 1991) .................................................9

Bates v. C & S Adjusters, Inc., 980 F.2d 865, 868 (2d Cir.1992) ........................19

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)....................5,6,11,12

Carlin v. Schuler, 89 N.J. Super. 366, 371 (Law Div. 1965)................................15

D'Almedia v. Stor Brabant B.V., 71 F.3d 50 (1st Cir. 1995)................................12

De Rojas v. Trans States Airline, Inc., 204 F.R.D. 265, 269 (2001) ....................23

Fava v. RRI, Inc., 1997 WL 205336 (N.D. N.Y. 1997)........................................15

Goldawar, Inc. v. Heiman, 369 U.S. 463, 467 (1962) ..........................................23

Gonsalves v. National Credit, Clearinghouse No. 45,768 (D.Conn. 1990)...........19

Hanson v. Denckla,  357 U.S. 235, 253 (1958)………………………………………….11,12

Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408 (1984)............6

IMO Indus. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. N.J. 1998)........................4

Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945) ...............................................5

Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).....................18,22

Lachman v. Bank of Louisiana, 510 F. Supp. 753, 760 (N.D. Ohio 1981) ...........19

Leroy v. Great W. United Corp., 443 U.S. 173 (1979).........................................17

Litton Industrial Systems v. Kennedy Van Saun, 117 N.J. Super. 52 (1971)........10

Maloon v. Schwartz, 399 F. Supp. 2d 1108 (D. Haw. 2005)................................19

Marten v. Godwin, 499 F.3d 290, 295-96 (3d Cir. 2007).......................................5

Mass. Sch. Of Law at Andover v. Am. Bar Ass'n, 107 F.3d 1026 (3d Cir. 1997) .16

McGee v. International Life Ins. Co., 355 U.S. 320 (1957). .................................15

Mellon Bank (East) PSFS v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992).........6,16

Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004)......................5,6

Murphy v. Allen Cty Claims & Adj., 550 F. Supp. 128(D.C. Ohio 1982).......14,19

Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 170-71 (1939)..........8

North Penn Gas v. Corning Natural Gas Corp., 897 F.2d 687 (3d Cir.)...............11

Paradise v. Robinson & Hoover, 883 F. Supp. 521 (D. Nev. 1995)................15,16

PA Fire Ins. Co. v. Gold Issue Mining & Milling Co., 243 U.S. 93 (1917)............8

Pennzoil Prods, Co. v. Colleli & Assoc., 149 F.3d 197, 200 (3d Cir. 1998)......7,11

Pinker v. Roache Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002)......................5

Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir. 1973).........................22

Provident Nat'l Bank v. Cal. FSLA, 819 F.2d 434 (3d Cir. 1987).........................5

Reliance Steel v. Watson, 675 F.2d 587, 589 (3d Cir. 1982) ................................6

Shaffer v. Heitner, 433 U.S. 186, 204 (1977) ........................................................5

Sunbelt Corp. v. Noble, Denton & Associates, 5 F.3d 28, 31 (3d Cir. 1993)..........4

Toys 'R' Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003). .................6

Van Dusen v. Barrach, 376 U.S. 612 (1964) ........................................................22

Vetrotex Certainteed Corp., 75 F.3d 147, 150-151 (3d Cir. 1995)........................6

Vlasak v. Rapid Collection Systems, Inc., 962 F. Supp. 1096 (N.D. Ill. 1997) ....15

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) .............11

**Statutes**

15 U.S.C. §1692(a) ...............................................................................................20

15 U.S.C. §1692d...................................................................................................3

15 U.S.C. §1692e ..................................................................................................3

15 U.S.C. §1692e(2)(A)..........................................................................................3

15 U.S.C. §1692e(5) ...........................................................................................3

15 U.S.C. § 1692e(8) ..........................................................................................3

15 U.S.C. §1692e(10) .........................................................................................3

15 U.S.C. §1692f ................................................................................................3

15 U.S.C. §1692f(1) ...........................................................................................3

15 U.S.C. §1692g(a) ...........................................................................................3

15 U.S.C. §1692k(a)(2)(A) ...............................................................................14

28 U.S.C. §1391 ...............................................................................................17

28 U.S.C. 1391(b) .......................................................................................17,19

28 U.S.C. § 1391(b)(1) .....................................................................................17

28 U.S.C. § 1391(b)(3) .....................................................................................23

28 U.S.C. § 1391(c) ..........................................................................................17

28 U.S.C. §1404(a) ...................................................................................18,22,24

28 U.S.C. § 1406 ..............................................................................................22

28 U.S.C. § 1406(a) .....................................................................................22,24

## Rules of Procedure

F.R.C.P. 12(b) ....................................................................................................4

F.R.C.P. 12(b)(2) ....................................................................................3,4,22,23

F.R.C.P. 12(b)(3) ...................................................................................3,22,24

N.J.S.A. 14A:13-2..............................................................................................11

N.J.S.A. 14A:13-5..............................................................................................10

N.J.S.A. 14A:4-1................................................................................................10

## Other

Wright, Miller & Cooper, Federal Practice and Proc.: Jurisdiction 3d §3848.......18

Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KIMBERLY SIAS, | : | |
| | : | JURY TRIAL DEMANDED |
| Plaintiff | : | |
| | : | CA NO. 1:10-cv-03773 |
| vs. | : | |
| | : | |
| LAW OFFICES OF ANDREU, PALMA, & | : | |
| ANDREU, PL, | : | |
| | : | |
| Defendant | : | |

## BRIEF OF PLAINTIFF, KIMBERLY SIAS, IN OPPOSITION TO DEFENDANT, LAW OFFICES OF ANDREU, PALMA, & ANDREU PL'S, MOTION TO DISMISS OR IN THE ALTERNATIVE TRANSFER VENUE

## I.    Preliminary Statement

Defendant, Law Offices of Andreu, Palma & Andreu, PL ("APA"), has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) alleging a lack of personal jurisdiction due to the fact that Defendant does not have the required minimum contacts within the State of New Jersey. Plaintiff, Kimberly Sias ("Sias"), opposes Defendant's Motion to Dismiss and contends that APA is a New Jersey Corporation and should be subject to personal jurisdiction in the State of New Jersey. See Exhibit "A". Importantly, Plaintiff resides in the State of New Jersey and Defendant, APA, is authorized to do business in the State of New Jersey.

1

The fact that Defendant allegedly does not maintain a bank account in New Jersey, maintain a telephone listing in New Jersey, rent office space or lease any facility, does not solicit business in New Jersey, does not own property in New Jersey, and does not have employees in New Jersey should not foreclose Plaintiff from bringing a lawsuit against Defendant, APA, in New Jersey; particularly, here, where Defendant was aware that Plaintiff was residing in New Jersey and persisted in its collection efforts in a state where she did not reside, Florida.  See Plaintiff's Complaint at paragraphs 31 and 32.  The direct result of which impacted Plaintiff in New Jersey.  See Id.

Most of the issues raised in Defendant's Brief in Support of its Motion to Dismiss would require discovery to discern whether they are true and correct. Plaintiff has not had the opportunity to conduct discovery of the issue of personal jurisdiction, and would like an opportunity to do so before this Honorable Court would summarily dismiss its claims.

Finally, if this Honorable Court is inclined to grant Defendant's Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction, Plaintiff would respectfully request this Honorable Court transfer the within matter to the United States District Court for the Southern District of Florida.

## II.    **Factual / Procedural History**

Plaintiff resides in Pittsgrove, New Jersey, and has resided in New Jersey since September 2009. See Plaintiff's Complaint at paragraphs 6 and 24.  Beginning in or around August 2009 through the filing of the Complaint in July 2010, Defendant sought to collect a debt alleged to be owed by Plaintiff. See Plaintiff's Complaint at paragraphs 15 through 42.   During all but one month of Defendant's contacts with Plaintiff regarding this alleged debt, she was a resident of the State of New Jersey. See Plaintiff's Complaint at paragraphs 17, 18, 24, and 40.

On or about July 27, 2010, Plaintiff filed the present Complaint in the District Court for the District of New Jersey.   The Complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), specifically, 15 U.S.C. §1692d; 15 U.S.C. §1692e; 15 U.S.C. §1692e(2)(A); 15 U.S.C. §1692e(5); 15 U.S.C. § 1692e(8); 15 U.S.C. §1692e(10); 15 U.S.C. §1692f; 15 U.S.C. §1692f(1); and 15 U.S.C. §1692g(a).   On or about December 8, 2010, Defendant filed the instant Motion to Dismiss for Lack of Personal Jurisdiction pursuant to F.R.C.P. 12(b)(2) and for Improper Venue pursuant to F.R.C.P. 12(b)(3).

In its Statement of Facts, Defendant's relies upon the Affidavit of Juan Andreu, the Managing Partner of Defendant. See Affidavit of Juan Andreu at paragraph 2. In his Affidavit he states that Defendant "did not have any dealings with the Plaintiff in New Jersey, and does not have regular or any contacts or dealings with New Jersey … directly or indirectly"; "does not have any presence … in New Jersey"; and "has never held out or represented to any person or entity that it conducts business in New Jersey." See Id. at paragraphs 8, 16, and 22. However, these statements are contradicted by his Affidavit, and documents filed as a matter of public record with the Secretary of State in New Jersey. See Exhibit "A"; see also, Affidavit of Juan Andreu at paragraph 11.

### III.   Standard on Motion to Dismiss

According to the Federal Rules of Civil Procedure:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any

defense in law or fact to that claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

F.R.C.P. 12(b). Defendant has filed its Motion to Dismiss pursuant to F.R.C.P. 12(b)(2) noting a lack of personal jurisdiction.

Plaintiff respectfully requests this Honorable Court deny Defendant's Motion to Dismiss in its entirety.  In the alternative, Plaintiff would request that she be permitted to conduct discovery limited to the issue of personal jurisdiction and file supplemental briefs addressing this issue. Finally, if this Honorable Court is inclined to grant Defendant's Motion to Dismiss in its entirety, it would be requested that the Court transfer this matter to the Southern District of Florida.

**IV.**   **Argument**

    **D.**   **There is personal jurisdiction over Defendant, Law Offices of Andreu, Palma & Andreu PL, in the United States District Court for the District of New Jersey.**

        **a.**   **Personal Jurisdiction Framework**

A district court has personal jurisdiction over non-resident defendants "to the extent authorized under the law of the forum state in which the district court sits." See Sunbelt Corp. v. Noble, Denton & Associates, 5 F.3d 28, 31 (3d Cir. 1993). If the forum state's long arm statute would permit personal jurisdiction over a defendant, the district court must then determine whether the exercise of personal jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See IMO Indus. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. N.J. 1998). New Jersey's long arm statute permits the exercise of personal jurisdiction "to the fullest limits of due process." Id. at 259. Thus, in New Jersey, the inquiry is

simply whether the exercise of personal jurisdiction would violate the Fourteenth Amendment's Due Process Clause. Under the 14th Amendment's Due Process Clause, personal jurisdiction depends on "the relationship among the defendant, the forum, and the litigation." See Shaffer v. Heitner, 433 U.S. 186, 204 (1977).

Pursuant to the Due Process Clause, personal jurisdiction may be asserted over a non-resident so long as the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" See Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945). Jurisdiction is only proper when "the defendant purposefully avails itself of the privilege of conducting activities within the forum State," ensuring that "a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

The plaintiff has the burden of proof to show that a defendant's contacts with the forum state are sufficient to allow the Court to exercise personal jurisdiction over the defendant, i.e., that personal jurisdiction exists. See Marten v. Godwin, 499 F.3d 290, 295-96 (3d Cir. 2007); see also Pinker v. Roache Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002). If the court does not hold an evidentiary hearing, plaintiff is only required to present a *prima facie* showing of sufficient contacts with the forum state. See Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).

In order to establish personal jurisdiction, a plaintiff has two (2) options. The first option involves a showing the defendant has continuous and systematic contacts with the forum state; this is known as general jurisdiction. To support such a finding, the plaintiff must show significantly more than mere minimum contacts with the forum state. See Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987). The facts required to

5

establish general jurisdiction must be "extensive and persuasive." See Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982). "If a party is subject to the general jurisdiction of a state, that party can be called to answer any claim against her, regardless of whether the subject matter of the cause of action has any connection to the forum." See Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992).

The second option of establishing personal jurisdiction is a showing that the particular cause of action arose out of defendants' activities within the forum state; this is known as specific jurisdiction. See Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408 (1984). In reviewing a Motion to Dismiss and Plaintiff's response, the District Court is required to accept all of plaintiff's allegations as true and decide all factual disputes in favor of the plaintiff. See Miller Yacht Sales, Inc., 384 F.3d 93 (3d Cir. N.J. 2004); see also Toys 'R' Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003). This principle gives rise to a two-prong test: (1) the defendant must have constitutionally sufficient "minimum contacts" with the forum State, and (2) if minimum contacts are shown, jurisdiction may be found where the court determines, in its discretion, that to do so would comport with "traditional notions of fair play and substantial justice." See Vetrotex Certainteed Corp., 75 F.3d 147, 150-151 (3d Cir. 1995).

The first prong - sufficient minimum contacts - exists if the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." See Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102 (1987), quoting Burger King, 471 U.S. at 475. Once the plaintiff has made out a prima facie case that satisfies the first prong, the defendant must present a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." See Id.

In determining whether the assertion of jurisdiction violates the second prong, which requires upholding traditional notions of fair play and substantial justice, the court must consider

6

several factors: the burden on the defendant, the interests of the forum state, plaintiff's interest in obtaining relief, the interstate judicial system's interest in obtaining efficient resolutions of controversies, and, if relevant, the shared interest of the several states in furthering substantive social policies. See Id. at 476-77.

### i. General Jurisdiction

When a party is subject to the general jurisdiction of a state, that party may be called to answer any claim against it, regardless of whether the subject matter of the cause of action has any connection to the forum. See Pennzoil Prods, Co. v. Colleli & Associates, 149 F.3d 197, 200 (3d Cir. 1998). Thus, a plaintiff must demonstrate significantly more than "minimum contacts" to establish general jurisdiction over a defendant. As noted above, general jurisdiction is established when the defendant engages in "continuous and systematic activities in the forum" that may be unrelated to the cause of action.

With a paucity of information regarding Defendant's activities in the State of New Jersey, Plaintiff contends that there is general jurisdiction over this Defendant by virtue of the fact that they have formed a corporation in the State of New Jersey, an active and on-going corporation which continues to be registered in the State of New Jersey, presumably pays whatever the corporate fees are to maintain a corporation as an on-going corporation and as is noted from the Business Entity Status Report, which is dated as recently as one (1) week ago, this is an "ACTIVE" Corporation. See Exhibit "A".  The filing date of this corporation was March 24, 2009. See Exhibit "A".  The home jurisdiction is listed as Florida. The annual report month is "3", the last annual report filed was March 26, 2010 and the last annual report paid year was 2010. See Exhibit "A".   If defendant did no business in the State of New Jersey, what would be the necessity of continuing its corporate presence here? Why would Defendant continue to pay the corporate fees, taxes, etc. if they no longer operate in New Jersey? Such actions as are

displayed by Defendant indicate a willingness to consent to jurisdiction in New Jersey. Clearly, it is beyond peradventure to suggest that the existence of a corporation as an on-going business would satisfy the continuous and systematic activity standard as articulated by the Court.

In Pennsylvania Fire Ins. Co. v. Gold Issue Mining & Milling Co., 243 U.S. 93 (1917), the Court found that in a case where a defendant who obtained a license to do business in Missouri and consented to service of process, jurisdiction was proper. The Court, per Justice Oliver Wendell Holmes stated the following:

> The defendant had executed a power of attorney that made service on the superintendent the equivalent of personal service. If by a corporate vote it had accepted service in this specific case there would be no doubt of the jurisdiction of the state court over a transitory action of contract. If it had appointed an agent authorized in terms to receive service in such cases, there would be equally little doubt. New York, Lake Erie & Western R.R. Co. v. Estill, 147 U.S. 591. It did appoint an agent in language that rationally might be held to go to that length. The language has been held to go to that length, and the construction did not deprive the defendant of due process of law even if it took the defendant by surprise, which we have no warrant to assert. O'Neil v. Northern Colorado Irrigation Co., 242 U.S. 20, 26. Other state laws have been construed in a similar way; *e.g.,* Bagdon v. Philadelphia & Reading Coal & Iron Co., 217 N.Y. 432. Johnston v. Trade Insurance Co., 132 Massachusetts, 432.

See Id. at 95. The Court found that having a servicing agent was a voluntary act on the corporation's part and jurisdiction was appropriate. Id. at 96.

Similarly, in Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 170-71 (1939), the court per Justice Frankfurter held that "[a] designation by a foreign corporation, in conformity with a valid statute of a State and as a condition of doing business within it, of an agent upon whom service of process may be made, *held* an effective consent to be sued in the federal courts of that State." Neither Pennsylvania Fire Ins. Co. nor Neirbo have been expressly overruled by the Supreme Court of the United States and Plaintiff submits they are still good law for the analysis at bar.

In Bane v. Netlink, Inc., 925 F.2d 637 (3d Cir. 1991), Plaintiff filed a lawsuit for discrimination against defendant, who was registered in Massachusetts. Defendant moved to dismiss the complaint for lack of personal jurisdiction. The Third Circuit found that defendant's act of applying for and receiving authorization to do business in Pennsylvania allowed jurisdiction in Pennsylvania. In essence, defendant consented to being sued in the Pennsylvania Courts. The Circuit Court found that based upon the clear wording of the state statute, the court did not have to determine whether the authorization to do business was continuous and systematic for purposes of determining general and/or specific jurisdiction. The only issue was that "such registration by a foreign corporation carries with it consent to be sued in Pennsylvania Court." See Id. at 640. The Court found that the statute, itself, provided defendant with the requisite notice that it would be subject to personal jurisdiction in Pennsylvania and defendant should have "reasonably anticipate[d] being haled into court in Pennsylvania." See Id. at 641.

In New Jersey, the designation of an agent to accept service of process constitutes a foreign corporation's consent to jurisdiction in New Jersey in all cases, including ones unrelated to New Jersey.  New Jersey's corporate laws are set forth in Title 14A of the New Jersey Statutes. Pursuant to N.J.S.A. § 14A:4-1, entitled "[r]registered office and registered agent:

(1) Every corporation organized for any purpose under any general or special law of this State and every foreign corporation authorized to transact business in this State shall continuously maintain a registered office in this State, and a registered agent having a business office identical with such registered office.

(2) The registered office may be, but need not be, the same as a place of business of the corporation which it serves.

(3) The registered agent may be a natural person of the age of 18 years or more, or a domestic corporation or a foreign corporation authorized to transact business in this State, whether or not any such agent corporation is organized for a purpose or purposes for which a corporation may be organized under this act.

(4) The designation of a principal or registered office in this State and of a registered agent in charge thereof by any corporation of this State or by any foreign corporation

> authorized to transact business in this State, as in force on the effective date of this act, shall continue with like effect as if made hereunder until changed pursuant to this act.

Inasmuch as Defendant is a foreign corporation, it is still subject to the statutes of New Jersey. See N.J.S.A. 14A:13-5 (noting that after a certificate of authority is granted, "the foreign corporation shall be authorized to transact in this State any business of the character set forth in its application. Such authority shall continue so long as it retains its authority to transact such business in the jurisdiction of its incorporation and its authority to transact business in this State has not been surrendered, suspended or revoked.")

In Litton Industrial Systems, Inc. v. Kennedy Van Saun Corp., 117 N.J. Super. 52 (1971), the Court addressed this statute in the context of a plaintiff suing a foreign corporation who alleged lack of personal jurisdiction over the subject matter of the case where the defendant's activities within the forum state were unrelated to the litigation. The Court noted that:

> The New Jersey statute, N.J.S.A. 14A:4-1 makes it clearly evident that, preliminary to authorization to transact business in New Jersey is the appointment of an agent upon whom process against the corporation may be served. There is no qualification upon this obligation. The United States Supreme Court, in Neirbo *[supra]* decided that designation of an agent in a state for service of process constituted consent to be sued in the federal courts of that state, and was tantamount to a waiver of the privilege accorded by section 51, 28 U.S.C. § 112, providing that a civil suit in Federal District Court shall be brought only in the district of residence of either plaintiff or defendant where jurisdiction is founded on diversity of citizenship. In Randolph Laboratories v. Specialties Development Corp., 62 F. Supp. 897 (D.N.J. 1945), compliance with the New Jersey statute was seen as consent by the foreign corporation to be sued in the courts of New Jersey, *both state* and federal. See also Da Cunha v. Grasselli Chemical Co. 46 F. Supp. 28 (D.N.J. 1942), construing the New Jersey statute in the same manner.

Id. at 61. The Court ultimately found it had no hesitation in finding that the defendant's designation of an agent for the service of process under N.J.S.A. 14A:4-1 amounted to consent by defendant to be sued in New Jersey. See Id. at 61.  This was found to be so "even if it be established the contract … sued on was unrelated to defendant's business activities in [this] state." See Id.  This follows, inter alia, from the fact that a corporation that registers in New

Jersey thereby assumes, under the terms of the statute, the "same duties" imposed on corporations that are incorporated in New Jersey.  <u>See</u> N.J.S.A. 14A:13-2.  By qualifying to do business, Defendant would subject itself to requirements of annual reporting of business activities, franchise tax liability, and, by the terms of the statute, "to the same duties, restrictions, penalties, and liabilities… imposed on domestic corporations." <u>See</u> N.J.S.A. 14A:13-2.

Accordingly, there is support in the New Jersey statutes and case-law to support the proposition that registration and appointment, consistent with the requirements of the corporate law, allow for and establish personal jurisdiction over a foreign corporate defendant. New Jersey has implicitly required corporations to consent to jurisdiction through its corporation laws.

### ii.  <u>Specific Jurisdiction</u>

If a plaintiff fails to establish general jurisdiction over a defendant, it may still demonstrate specific personal jurisdiction. <u>See</u> <u>Pennzoil Prods. Co.</u>, 149 F.3d at 200-201. To determine whether specific jurisdiction exists, a court generally applies two standards to ensure that the defendant's due process rights are protected. <u>Id.</u> at 201. "First, a court must determine whether the defendant had the minimum contacts with the forum necessary for the defendant to have 'reasonably anticipate[d] being haled into court there.'" <u>See</u> <u>Id.</u>, quoting <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980). The "'constitutional touchstone'" is whether the defendant purposefully established those minimum contacts. <u>See</u> <u>North Penn Gas Co. v. Corning Natural Gas Corp.</u>, 897 F.2d 687, 690 (3d Cir.), cert. denied, 498 U.S. 847 (1990), quoting <u>Burger King</u>, 471 U.S. at 474. A court must find that there was some act by which the defendant "purposefully availed itself" of the privilege of conducting activities within the forum. <u>See</u> <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958).  The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contacts with the forum state. <u>Id</u>. Conversely, where the party "deliberately" engages in

11

significant activities within a state or creates "continuing obligations" between him or herself and residents of the forum, minimum contacts will be found to exist. See Burger King, at 476.

Second, once a party has made out a *prima* facie case of minimum contacts, a court may consider whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" See Hansen Id. quoting Burger King, 471 U.S. at 476. The opposing party must present a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." See Burger King, at 477. In determining whether the assertion of jurisdiction violates traditional notions of fair play and substantial justice, the court must consider several factors: the burden on the opposing party, the interests of the forum state, the moving party's interest in obtaining relief, the interstate judicial system's interest in obtaining efficient resolution of controversies, and, if relevant, the shared interest of the several states in furthering substantive social policies. See Asahi, at 113. A finding that jurisdiction would be unreasonable under traditional notions of fair play and substantial justice, despite a finding of minimum contacts, would ultimately invalidate any jurisdictional hold a forum state may otherwise maintain. See D'Almedia v. Stor Brabant B.V., 71 F.3d 50 (1st Cir. 1995). Although the standard is discretionary, the Third Circuit has explained that a court should generally perform both steps of this analysis before finding that specific jurisdiction exists. See Burger King, at 477.

As noted above, Plaintiff believes she has established the existence of general jurisdiction over the person of Defendant by virtue of the corporate filing and agent status. However, to the extent this Honorable Court believes that general jurisdiction is not founded, Plaintiff contends there is specific jurisdiction over the Defendant.

Again, for the reasons above, Plaintiff would insist that the act of having a corporate presence and an agent for service is the requisite minimum contacts such that Defendant

should reasonably anticipate being haled into the court. Needless to say, this action on the part of Defendant is purposefully availing itself of conducting activities in the State of New Jersey

While Defendant alleges the incidents giving rise to this Complaint occurred in Florida, the discussion below relative to the 1404(a) analysis shows that Plaintiff was residing in New Jersey at almost all times relevant to this action.  Specifically, collection activities commenced in August 2009 and persisted through July 2010 at the time the Complaint was filed; as of September 2009, Plaintiff was residing in New Jersey.  See Plaintiff's Complaint at paragraphs 17, 18, 24, and 40.  It is Plaintiff's assertion, and in part the basis of her FDCPA claim, that despite knowledge of her actual residence in New Jersey, Defendant purposefully continued its collection efforts in a state where she did not reside (Florida), denying her the opportunity to be heard in that matter, ultimately obtaining a judgment against her.  See Plaintiff's Complaint at paragraphs 25 through 33, 38, and 46.  Further, Defendant engaged in discussions with Plaintiff, with knowledge she resided in New Jersey, in which threats were made to negatively impact her credit, garnish her wages, levy on her personal and real property and make her disclose personal information, unless payment was made.  See Plaintiff's Complaint at paragraphs 31 and 34. Regardless of who initiated such communication, these were efforts on the part of Defendant to collect a debt; certainly such pressure to pay could serve no other purpose.

To grant Defendant's Motion to dismiss would reward Defendant for its deceptive conduct, and fly in the face of the meaning and intent of the FDCPA. It would permit debt collectors to take action in one state to harass, abuse, and deceive a consumer who resides in another state, and when the consumer realizes these actions have taken place and brings suit for violations of the FDCPA in his or her home state, claim there is no personal jurisdiction because they never contacted the consumer in the forum.  This is illogical. If such conduct is directed at the consumer, how can the debt collector argue it had no contacts with the forum?  Certainly the

13

result of any collection action taken by a debt collector will impact the consumer, and that impact will be felt where the consumer resides, not in a state where the consumer does not reside.  That Defendant was located in and sought to obtain the judgment in Florida does not change the fact Plaintiff does not reside in Florida, and has not, and will not be impacted in Florida by Defendant's actions.  Plaintiff is not employed, does not have property and will not be seeking to make purchases on credit in Florida; rather, Defendant's conduct in obtaining a judgment against her in Florida, without providing her notice and an opportunity to be heard, will have a direct effect on Plaintiff in New Jersey, where she would be employed, has property, and obtain credit.

Further, permitting such deceptive conduct to form the basis of granting a motion to dismiss would discourage consumers from pursuing their rights.  Few consumers may be in a financial position to expend considerable sums for travel back and forth to another state to maintain an action to collect $1,000 in statutory damages[1].  It would not be practical.   Courts considering this issue have found the same.  The Southern District of Ohio, noting Plaintiff's limited financial resources, held "[w]e do not want to permit the defendant-debt collectors to engage in practices that may violate the FDCPA and harass persons in other districts, and then force such persons to come to the defendants' district to bring action against them."  See Murphy v. Allen County Claims & Adjustments, Inc., 550 F. Supp. 128, 132 (D.C. Ohio 1982).

Further, New Jersey has connection to this action via the Plaintiff and Defendant's corporate presence in this District.  See Plaintiff's Complaint and Exhibit "A".  This would comport with the principles of fair play and substantial justice. There is specific jurisdiction in this case so as to allow Defendant to be haled into the United States District Court for the District

---

[1] 15 U.S.C. §1692k(a)(2)(A)

of New Jersey. The exercise of personal jurisdiction would not violate the traditional notions of fair play and substantial justice.

   **b.   The alleged tortious acts occurred in New Jersey; relevant FDCPA case law provides that a consumer's home state may exercise in personam jurisdiction over out-of-state debt collectors.**

   "Clearly it would seem that any tortious act within the state or resulting in injury within the state is adequate to sustain jurisdiction." See Carlin v. Schuler, 89 N.J. Super. 366, 371 (Law Div. 1965), citing Goodrich, Conflict of Laws (4th ed. 1964), p. 126.  Courts have found the mailing and telephoning of a consumer by an out-of-state collection agency sufficient to establish personal jurisdiction.  See Vlasak v. Rapid Collection Systems, Inc., 962 F. Supp. 1096 (N.D. Ill. 1997) (acts of mailing and telephoning consumer by out-of-state collection agency which were in violation of the FDCPA were sufficient to establish personal jurisdiction as "tortious acts" covered under the state's long arm statute); Fava v. RRI, Inc., 1997 WL 205336 (N.D. N.Y. 1997) (collector's telephone and letter contacts in forum state to collect alleged debt from in-state resident created personal jurisdiction over non-resident defendant where letters were sent into local forum); and Paradise v. Robinson & Hoover, 883 F. Supp. 521 (D. Nev. 1995) (suit may brought where letters alleged to violate FDCPA were received).

   Further, a "single contact with the forum state, not involving the physical presence of the defendant, can be a sufficient basis upon which to establish jurisdiction over the defendant."  See Paradise at 525, citing to McGee v. International Life Ins. Co., 355 U.S. 320 (1957).  The Court in Paradise found the communication was not "merely a means of conducting some other primary business within the forum" but was the "precise subject matter of [the] action pursuant to the FDCPA."  See Id at 525.

   As set forth above, Defendant's collection activities were directed at Plaintiff, a resident of New Jersey, with full knowledge that Plaintiff was a resident of New Jersey.  See Plaintiff's

Complaint at paragraphs 17, 18, 24, 38 and 40.  While Defendant may argue it has no other connection to New Jersey, it is this conduct that was directed at the Plaintiff in New Jersey that is the subject matter of this action brought under the FDCPA.  This is sufficient under Paradise to establish jurisdiction.

### c. **Plaintiff, Kimberly Sias, should be entitled to conduct jurisdictional discovery.**

Plaintiff submits that if this Court believes that personal jurisdiction is lacking, the Plaintiff should be permitted to conduct jurisdictional discovery.  "Unless the claim of personal jurisdiction is clearly frivolous, discovery on the issue of jurisdiction is generally allowed in order to aid the plaintiff in discharging its burden of demonstrating contacts with the forum state sufficient to give the court personal jurisdiction." See Mass. Sch. Of Law at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997) (stating that "[o]ur rule is generally that jurisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous'").

To allow for discovery prior to a disposition on a Motion to Dismiss for Lack of Personal Jurisdiction, a plaintiff is required to make a showing "with reasonable particularity sufficient contacts between the defendant and the forum state." See Mellon Bank PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217 (3d Cir. Pa. 1992).

In the case at bar, discovery on the issue of personal jurisdiction is warranted as Plaintiff has established with reasonable particularity sufficient contacts between Defendant and the State of New Jersey. The contact alleged is that there is an on-going corporation which exists in New Jersey and which remains active pursuant to the New Jersey Department of State. Without the augmentation of discovery, Plaintiff will have no further evidence on the issue of personal jurisdiction. This allegation is clearly not frivolous and Plaintiff should be permitted to proceed

in this manner. There must be a showing that the allegation of personal jurisdiction is clearly frivolous. Discovery is warranted because the claim is not frivolous.

### E. Personal jurisdiction exists over Defendant, Law Offices of Andreu, Palma & Andreu PL, therefore venue is appropriate in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1391.

Defendant argues that because this Court cannot maintain *in personam* jurisdiction over them, venue is likewise improper in this District. Under 28 U.S.C. §1391, venue is appropriate in a judicial district in which any defendant is found to reside. 28 U.S.C. 1391 (b)(1).  28 U.S.C. § 1391(b), sets forth the conditions under which venue may lie in a district, it provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

See <u>Id</u>. "In most instances, the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." See <u>Leroy v. Great W. United Corp</u>., 443 U.S. 173 (1979). Corporate defendants "shall be deemed to reside in any judicial district in which [they] are subject to personal jurisdiction at the time the action is commenced." <u>See</u> 28 U.S.C. § 1391(c). When a defendant is a corporation:

> the corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

<u>See</u> 28 U.S.C. § 1391(c). For the reasons articulated above, this Court can properly exercise personal jurisdiction over Defendant and consequently, venue appropriately lies in this District.

**F.**  **This action should not be transferred to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1404(a).**

**a.**  **28 U.S.C. §1404(a) does not require transfer.**

The Court of Appeals has explained that "[i]n ruling on section 1404(a) motions, courts have not limited their consideration to the three enumerated factors in section 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Some court's ruling on a section 1404(a) motion have accordingly taken into account a wide range of public and private interests in determining whether a transfer is appropriate.

> Among the private interests that the Jumara court identified as being significant to an analysis under section 1404(a) are: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

See Id. at 879. Among the public interests to be considered are:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

See Id. at 879-80.  It is well-settled that the burden on a section 1404(a) motion must be borne by the party seeking to transfer the case, and that "the motion must not be lightly granted." See Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d §3848.

### i.  Private interest factors.

In the case at bar, Plaintiff resides in the State of New Jersey and has elected to bring the lawsuit in her home state. This choice should be awarded considerable deference in evaluating Defendant's Motion to Transfer Pursuant to Section 1404(a). Defendant, a law firm, is also in a far better financial condition than Plaintiff to travel to New Jersey for Court appearances than Plaintiff would be to travel to Florida.

Further, venue is generally proper where a consumer was subjected to the acts that allegedly violate the FDCPA.  See e.g. Maloon v. Schwartz, Zweban & Slingbaum, LLP, 399 F. Supp. 2d 1108 (D. Haw. 2005); Gonsalves v. National Credit Systems, Inc., Clearinghouse No. 45,768 (D.Conn. 1990); Murphy v. Allen County Claims & Adjustments, Inc., 550 F. Supp. 128 (S.D. Ohio 1982); and Lachman v. Bank of Louisiana in New Orleans, 510 F. Supp. 753, 760 (N.D. Ohio 1981).  Suffice it to say that venue is proper if a "substantial part of the events ... giving rise to the claim" occurred in the judicial district. See 28 U.S.C. § 1391(b)(2). For example, because "receipt of a collection notice is a substantial part of the events giving rise to a claim under the Fair Debt Collection Practices Act," Bates v. C & S Adjusters, Inc., 980 F.2d 865, 868 (2d Cir.1992), the district where a communication is received is a proper venue under subdivision (2) of section 1391(b). Id. at 866-867.  The leading circuit court case, Bates v. C & S Adjusters, Inc., 980 F.2d 865, 868 (2d Cir. 1992), holds the same. There the plaintiff, a former Pennsylvania resident, moved to New York when defendant's letter was forwarded to him there. This single letter was sufficient to establish venue, even though it was happenstance that the letter followed him to that jurisdiction. Id.  This is quite similar to the present facts, where Plaintiff moved to New Jersey from Florida and several communications were forwarded to her in New Jersey; in addition, the majority of communications in this case took place while Plaintiff resided in New Jersey.  See Plaintiff's Complaint at paragraphs 15 through 42.

19

The intent of the FDCPA should also not be overlooked. Congress adopted the FDCPA due to concerns regarding the harmful effects of abusive debt practices on consumers.  See 15 U.S.C. §1692(a). Congress specifically indicated that abusive debt practices lead to "personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." However, these "harmful effects" will be borne by a consumer in a state where he or she resides; this is evident as most states have residency requirements for the utilization of state bankruptcy exemptions, the filing for marital dissolution, and the collection of unemployment benefits. For Plaintiff this is New Jersey.

Accordingly, the private interest factors militate in favor of allowing the case to remain in the District of New Jersey. Defendant has not identified any specific witnesses to Plaintiff's allegations or any specific evidence which is located in Florida.

## ii.  Public interest factors.

The public interest factors do not weigh in the transfer of this action either. Any trial could be accomplished in New Jersey as easily, expeditiously or as inexpensively as in Florida. There would be no extra costs in trying the case in New Jersey to any of the individuals involved. Defendant would need to retain counsel whether the matter was heard in New Jersey or Florida.  However, as this is a fee shifting case under the FDCPA, certainly a transfer to Florida would increase the costs and attorney's fees associated with representing the Plaintiff, potentially making settlement more difficult as the case proceeds, and increasing the costs Defendant will ultimately be responsible for when Plaintiff succeeds.  In the interest of keeping attorney's fees low, and allowing Plaintiff to proceed with her chosen counsel, this matter should not be transferred to Florida.

There would very little administrative difficulty in trying the case in New Jersey as well. The court congestion in either district is probably de minimis as the case would probably be

prepared for trial in less than one year. Court congestion is not a factor which weighs in favor of transferring the case to the Southern District of Florida.

With respect to the local interests of Miami, Florida; Fort Lauderdale, Florida; West Palm Beach, Florida, Fort Pierce, Florida, or Key West, Florida, in having this case decided in Florida, it is hard to imagine that the citizens of any of these localities have a horse in this race. The facts of the case do not lend themselves to such a situation where the citizens of the State would be up in arms if the matter was tried in New Jersey. Likewise, there are no public policies which would require the case to be tried in Florida.

Finally, with respect to the familiarity of the trial judge to the law of the State where the incident occurred, this is a FDCPA case requiring the same proofs whether heard in Florida or New Jersey. This is fairly straightforward. Again, all of the public interest factors do not weigh in favor of transfer.

Accordingly, after a review of all of the private interest factors and all of the public interest factors, as articulated by the Court in <u>Jumara</u>, Defendant has not established that in the interests of justice this matter should be transferred to the Southern District of Florida. Defendant has failed to meet its burden in this regard and transfer should be denied under section 1404(a).

**b. 28 U.S.C. §1404(a) does not require dismissal of this action when transfer is appropriate.**

In the event this Honorable Court is inclined to grant Defendant's Motion to Dismiss pursuant to F.R.C.P 12(b)(2) for lack of personal jurisdiction and/or grant Defendant's Motion to Dismiss, pursuant to 12(b)(3) for improper venue, Plaintiff submits this Honorable Court should transfer the matter to the United States District Court for the Southern District of Florida. In fact, Defendant has moved, in the alternative, to transfer venue to the District Court in the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

As a threshold matter, "in federal court, venue questions are governed either by 28 U.S.C. § 1404(a)[2] or 28 U.S.C. § 1406.[3] See Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). While Section 1404(a) applies to transfer of a case in which the original and transferee forum are both proper, see discussion, *supra,* section 1406 applies to situations in which the original forum is improper, but the court may dismiss or transfer the case to a different venue. Id. at 878. In Van Dusen v. Barrach, 376 U.S. 612 (1964), the Court noted that "although both sections 1404(a) and 1406(a) were designed to allow transfer instead of dismissal, section 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid, whereas, in contrast, section 1404(a) operates on the premises that the plaintiff has properly exercised his venue privilege."

In analyzing whether an action should be transferred under section 1406, a Court "must simply determine a venue in which the action originally could have been brought that serves the interest of justice." See De Rojas v. Trans States Airline, Inc., 204 F.R.D. 265, 269 (2001). An action "could have been brought" if (1) venue is proper in the transferee district and (2) personal jurisdiction may be exercised over the defendant in said district. See Id. at 269-270. As the purpose of section 1406 is to "remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits," Goldawar, Inc. v. Heiman, 369 U.S. 463, 467 (1962), "transfer is favored over dismissal." See Id.

Transfer of this action to the Southern District of Florida is appropriate. First, this action could have been brought in the Southern District of Florida. Plaintiff could have originally filed

---

[2] 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

[3] 28 U.S.C. 1406(a) provides: "[t]he district court in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Naturally, a district court retains broad discretion over the decision to transfer an action. See Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir. 1973). Compared to a decision to transfer pursuant to section 1404, a district court reviewing a section 1406 motion to transfer need not balance the public and private interests.

the Complaint in that forum, as a portion of the events giving rise to the Complaint occurred there, i.e., the action incorrectly brought against Plaintiff in Brevard County, Florida. See 28 U.S.C. § 1391(b)(2). Furthermore, Defendant maintains its principal place of business in Miami, Florida, a city within the Southern District of Florida, also making it a proper forum. See 28 U.S.C. 1391(b)(3). Additionally, transfer serves the interest of justice as potential witnesses presumably reside in Florida and some documents and records, other than Plaintiff's records, regarding Plaintiff's claims are presumably located in the Defendant's office located in Miami, Florida.  Finally, there is no indication that the Plaintiff filed the action in the District of New Jersey with any questionable purpose or motive nor is there any indication of same raised by Defendant, transfer, not dismissal, is appropriate in order to expedite the resolution of Plaintiff's claims by removing any delays which could take place as a result of having to re-file the action.

## V.   <u>Conclusion</u>

Therefore, for all of the foregoing reasons, it is respectfully requested this Honorable Court deny Defendant's Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to F.R.C.P. 12(b)(2). It is further requested this Honorable Court deny Defendant's Motion to Dismiss Plaintiff's Complaint for Improper Venue pursuant to F.R.C.P. 12(b)(2) and 28 U.S.C. § 1391. It is further requested this Honorable Court deny Defendant's Motion to Transfer, pursuant to 28 U.S.C. § 1404(a) the with action from the United States District Court for the District of New Jersey to the United States District Court for the Southern District of Florida.

Finally, in the event this Honorable Court finds that the Court is without personal jurisdiction over Defendant and the United States District Court for the District of New Jersey is not the proper venue for this action, it is respectfully requested this Honorable Court transfer the

within action to the United States District Court for the Southern District of Florida pursuant to

28 U.S.C. § 1406(a).

RESPECTFULLY SUBMITTED,

DATED:  December 20, 2010          KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff
    Attorney ID # AB 0891
    Kimmel & Silverman, P.C
    1930 E. Marlton Pike, Suite Q29
    Cherry Hill, New Jersey 08003
    Phone: (856)429-8334
    Facsimile (856) 216-7344
    Email: abennecoff@creditlaw.com