Michael J. Shavel, Esq.
Hill Wallack, LLP
777 Township Line Road, Ste. 250
Yardley, PA 19067
267-759-2071
Counsel for Defendant Law Offices of
Andreu, Palma, & Andrea, PC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KIMBERLY SIAS.,

    Plaintiff,

-vs-

LAW OFFICES OF ANDREU, PALMA, & ANDREA, PL,

    Defendant.

1:10-cv-03773-RMB-AMD

**REPLY AFFIDAVIT OF JUAN ANDREU**

JUAN ANDREU, Esq., being duly sworn, certifies the following under the penalties of perjury under the laws of the State of Florida:

1. I am a resident of Miami, Dade County, Florida, and am over twenty-one years of age. I am competent to testify as to the matters set forth herein. I am a lawyer and the Managing Partner of the Defendant Florida law firm, Andreu, Palma & Andreu, PL s/h/a Law Offices of Andreu, Palma, & Andreu, PL (the "Andreu Firm").

2. This Reply Affidavit is submitted in support of the Andreu Firm's December 9, 2010 motion to dismiss the Complaint pursuant to Fed. R. Civ. Proc. 12(b)(2); 12(b)(3); and 28 U.S.C. § 1406(a) or, in the alternative, to transfer venue to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). The statements in this affidavit are based upon my personal knowledge and/or upon records kept by the Andreu Firm in

the ordinary course of business.

3. Plaintiffs base their entire opposition to the Andreu Firm's dismissal motion on the premise that the Andreu Firm registered in 2009 in New Jersey, a pro forma registration handled by a third-party provider that was made when the Andreu Firm briefly and unsuccessfully engaged in medical claims collections, a practice since abandoned. The only activity ever engaged in 2009 in this effort was the Andreu Firm making telephone calls to collect on medical claims; the Andreu Firm never entered New Jersey or any other state as part of its collection efforts.

4. The Andreu Firm abandoned its medical claims collection practice in 2009. The Andreu Firm has made no business telephone calls as part of any collection practice in more than one year, if any were made at all to New Jersey.

5. The Andreu Firm used a nationwide licensing company, Cornerstone Records Management ("Cornerstone"), to obtain the necessary authorizations to engage in medical claims collections work. Cornerstone assisted the Andreu Firm in registering or obtaining a license in states where attorneys are not exempt from such requirements, such as New Jersey.

6. The Andreu Firm represented a medical claims purchaser which had purchased unpaid medical claims from a New Jersey hospital, and may have made some collection calls in 2009. That Andreu Firm department closed more than one year ago, and there have been no collection efforts in New Jersey with regard to medical claims or with regard to the collection efforts against the Plaintiff, Kimberly Sias.

7. As the Andreu Firm is principally a debt collection law firm, its business included at one time the collection of unpaid medical bills, and that is the only reason the Andreu

Firm would have been registered in New Jersey, a function performed by Cornerstone.

8. To reiterate, the Andreu Firm did not have any dealings with the Plaintiff in New Jersey, and does not have regular or any contacts or dealings with New Jersey or clients in New Jersey, or any other relationship with New Jersey, directly or indirectly, sufficient that the Andreu Firm is regularly present in New Jersey for any business purposes. While the Andreu Firm registered in New Jersey, that registration was performed by Cornerstone because attorneys are not exempt in New Jersey from making collection calls without making such a registration. I was not even aware of such registration because it was handled by Cornerstone.

9. There has been no dispute by Plaintiff, nor could there be, that all of the conduct, activities, and proceedings concerning the debt collection allegations in the Complaint occurred in Florida, namely, in the area of Florida comprising the United States District Court for the Southern District of Florida.

10. Any attempt at communication by the Andreu Firm with the Plaintiff were isolated to Florida, where the Plaintiff resided at the time the Andreu Firm engaged in the debt collection proceedings.

11. The Andreu Firm has never owned any assets and does not have any presence or financial activity in New Jersey.

12. The Andreu Firm does not have any lawyers who are admitted or licensed to practice in New Jersey or who regularly practice in New Jersey on any basis.

13. This Reply Affidavit was prepared by my counsel based upon information I furnished to counsel.

Dated:   January 3, 2011
         Miami, Florida

_____
JUAN ANDREU,
MANAGING PARTNER

Sworn to before me on
January 3, 2011

_____
Notary Public

JENNIFER ARJONA LONGA
Commission # DD 858482
Expires February 7, 2013
Bonded Thru Troy Fain Insurance 800-385-7019